UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X
5055 NORTHERN BOULEVARD LLC,

                    Plaintiff,

                                              MEMORANDUM & ORDER
          -against-                           19-CV-3598(JS)(ST)

THE INCORPORATED VILLAGE OF OLD
BROOKVILLE, BERNARD D. RYBA, in his
capacity as the Mayor of the Village
of Old Brookville, JOHN CHASE, in his
capacity as the Attorney for the
Village of Old Brookville, THE
BOARD OF TRUSTEES OF THE INCORPORATED
VILLAGE OF OLD BROOKVILLE, and PETER
ALBINSKI, in his capacity as
Building Inspector for the
Incorporated Village of Old Brookville,

                    Defendants.
------------------------------------X

APPEARANCES
For Plaintiff:      Katrine Aliha Beck, Esq.
                    Edward J. Guardaro, Esq.
                    Fullerton Beck, LLP
                    One West Red Oak Lane
                    White Plains, New York 10604

For Defendants:     Paul F. Millus, Esq.
                    A. Thomas Levin, Esq.
                    Daniel B. Rinaldi, Esq.
                    Meyer, Suozzi, English, & Klein, P.C.
                    990 Stewart Avenue, Suite 300
                    PO Box 9194
                    Garden City, New York 11530

SEYBERT, District Judge:

          Plaintiff 5055 Northern Boulevard LLC ("Plaintiff")

initiated this removal action by filing an Amended Verified Hybrid

Petition-Complaint ("Amended Complaint") in Nassau County Supreme

Court against defendants the Incorporated Village of Old
Brookville (the "Village"), Bernard D. Ryba ("Ryba"), in his
capacity as the Mayor of the Village, John Chase ("Chase"), in his
capacity as the Attorney for the Village, the Board of Trustees of
the Village, and Peter Albinski ("Albinski"), in his capacity as
Building Inspector for the Village (collectively, "Defendants"),
seeking damages arising out of various violations of Plaintiff's
statutory and constitutional rights to property and for an order
pursuant to C.P.L.R. § 3001 directing Defendants to permit
Plaintiff to utilize its property for commercial purposes. (See
Am. Compl., D.E. 1-1, at ECF pp. 23-51.) Currently before the
Court is Defendants' motion to dismiss the Amended Complaint based
on the doctrine of res judicata. (Mot., D.E. 12; Defs Br., D.E.
12-7; Pl. Opp., D.E. 13; Defs Reply, D.E. 14.) For the following
reasons, Defendants' motion is GRANTED.

FACTUAL BACKGROUND[1]

I. The Underlying Allegations

Plaintiff is the owner of real estate property at 5055
Northern Boulevard, Glen Head, New York, located within the Village
(the "Property"). (Am. Compl. ¶ 1.) Although the Property is
located within a district zoned for residential use, since 1908,

---

[1] The following facts are drawn from the Amended Complaint and
are assumed to be true for purposes of this Memorandum and
Order.

2

the Property has been used as a gas service station pursuant to a variance that runs with the land.[2]   (Id. ¶ 16.)   Plaintiff purchased the Property with the intent to continue using it as a gas service station. (Id. ¶ 20.)  In November 2013, while ownership was being transferred to Plaintiff, the prior owners temporarily suspended the Property's gas station operations.  (Id. ¶ 19.)

Plaintiff submitted an application for a permit to remove old underground gas storage tanks and to prepare, clean, and improve the area to install new underground tanks.  (Id. ¶ 22.) The removal and clean-up efforts were completed in December 2014. (Id. ¶ 22.)  On October 22, 2014, while removal and clean-up efforts were ongoing and within a year of the temporary suspension, Plaintiff submitted an application to the Village building inspector, Defendant Albinski, seeking a permit to install updated underground gas storage tanks. (Id. ¶ 22.)

From 2014 to 2017, multiple meetings and conversations ensued between Plaintiff, its engineers, and certain Defendants, namely, Defendants Ryba and Chase, concerning the intended use of the Property, specifically the desire to continue using the Property as a gas station or for commercial purposes. (Id. ¶¶ 33-44.)  Plaintiff contends that during these conversations,

---

[2] By order of the Supreme Court, Nassau County dated November 10, 1955, the Village was directed to grant the Property's prior owners a variance to use the premises as a commercial gas filling and service station.  (Am. Compl. ¶ 17.)

3

Defendants misled Plaintiff and "undertook an orchestrated effort to continuously deter, reject, deny and refuse the Plaintiff from rightfully using the [Property]." (Id. 35.)

Defendants held a public hearing on May 22, 2017 to address Plaintiff's outstanding permit application and took the position that the Property's non-conforming use as a commercial property had been abandoned. (Id. ¶ 54.) On August 29, 2017, Albinski ratified this position in his denial of Plaintiff's request for a permit, which stated: "[I]t has been determined that the previously existing non-confirming [sic] use of the property as a service station was discontinued in or about November 2013 for more than one year and was not thereafter resumed within one year." (Id. ¶ 29.)

## II. The Hybrid Article 78 Action

On September 8, 2017, Plaintiff commenced a hybrid Article 78 proceeding action against the Village, the Board of Trustees of the Village, and Albinski, as building inspector, (the "Hybrid Article 78 Defendants") in Nassau County Supreme Court (the "Hybrid Article 78 Action"). (Am. Compl. ¶ 61.) In the Hybrid Article 78 Action, Plaintiff asserted that: (1) the failure to grant or respond to Plaintiff's application constituted an improper constructive denial which was erroneous, arbitrary, and capricious; (2) the constructive denial of the permit constituted an unconstitutional taking; (3) the Article 78 Defendants violated

4

the Freedom of Information Act; and (4) the inadequate response to the information requests entitled Plaintiff to costs, disbursements, and attorneys' fees. (Am. Hybrid Petition/Compl., Millus Decl., Ex. A, D.E. 12-2, at ECF pp. 9-16.) Additionally, Plaintiff sought declaratory judgment stating, inter alia, that (1) a variance and/or special use permit allows Plaintiff to use the Property as a commercial property, (2) the Property was not abandoned by temporary cessation of use, and (3) the Hybrid Article 78 Defendants' conduct constituted an unconstitutional taking. (Am. Hybrid Petition/Compl. at ECF p. 17.)

On April 13, 2018, the Nassau County Supreme Court (Parga, J.) denied the Hybrid Article 78 Defendants' motion to dismiss the Hybrid Article 78 Action. Justice Parga concluded that the decision to deny Plaintiff's application was "arbitrary and capricious" and directed the Village to issue Plaintiff a permit as requested in the October 22, 2014 application. (Apr. 13, 2018 Decision and Order, Millus Decl., Ex. B, D.E. 12-3, at 4.) Importantly, Justice Parga rejected Plaintiff's requests for additional relief, which included a request for injunctive relief or money damages, stating "[a]ny portion of the petitioner's hybrid petition/complaint not granted is denied," and again, "[a]ny relief not expressly granted herein in [sic] denied." (Id. at 4.) On July 10, 2018, the Supreme Court entered a judgment consistent

with the decision (the "Judgment").  (Judgment, Millus Decl., Ex. C, D.E. 12-4.)

Defendants appealed the Judgment to the Appellate Division, Second Department.  (Defs. Reply at 5.)  The appeal is fully briefed and awaiting determination.

### Procedural History

On May 13, 2019 Plaintiff commenced this action against Defendants in Nassau County Supreme Court and on May 24, 2019, filed the Amended Complaint.  On June 19, 2019, Defendants removed this action to this Court pursuant to 28 U.S.C. §§ 1331 and 1367. The Amended Complaint asserts: (1) a claim against all Defendants for the deprivation of Plaintiff's constitutional rights to property pursuant to 42 U.S.C. § 1983; (2) a claim against all Defendants for unlawful seizure of Plaintiff's property in violation of the Fourth Amendment; (3) a claim against all Defendants for unlawful taking of Plaintiff's property rights and a de facto taking of Plaintiff's property in violation of the Fifth Amendment; and (4) a request for a declaratory judgment pursuant to C.P.L.R. § 3001 to enforce Plaintiff's rights under the variance, permit, and Supreme Court order and Judgment, including an Order directing Defendants to issue a permit allowing Plaintiff to install new underground gas tanks.  (See generally Am. Compl.) Plaintiff seeks compensatory damages for lost rental incomes/profits, property taxes, and carry costs, punitive damages

6

for Plaintiff's loss of use and enjoyment of the Property, lost profits, and attorneys' fees and costs.

DISCUSSION

I.  <u>Legal Standard</u>

To withstand a motion to dismiss, a complaint must contain factual allegations that "state a claim to relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)).  This plausibility standard is not a "probability requirement" and requires "more than a sheer possibility that a defendant has acted unlawfully." <u>Id.</u> (internal quotation marks and citation omitted).

In deciding a motion to dismiss, the Court is confined to "the allegations contained within the four corners of [the] complaint," <u>Pani v. Empire Blue Cross Blue Shield</u>, 152 F.3d 67, 71 (2d Cir. 1998), but this has been interpreted broadly to include any document attached to the complaint, any statements or documents incorporated in the complaint by reference, any document on which the complaint heavily relies, and anything of which judicial notice may be taken.  <u>See</u> <u>Chambers v. Time Warner, Inc.</u>, 282 F.3d 147, 152-52 (2d Cir. 2002); <u>Kramer v. Time Warner, Inc.</u>, 937 F.2d 767, 773-74 (2d Cir. 1991).

II.   Analysis

        Defendants move to dismiss the Amended Complaint in its
entirety.  Specifically, Defendants argue that Plaintiff's claims
are barred by the doctrine of res judicata, because they initiated
the Hybrid Article 78 Action as a hybrid proceeding based on the
same facts asserted here.  (Defs. Br. at 4-6.)  Defendants also
argue that Plaintiff cannot recover damages for their failure to
issue a building permit because enforcement of the Judgment is
stayed pending their appeal.  (Id. at 7-9.)  Plaintiff responds
that it does not seek damages for Defendants "exercising their
right to the automatic stay" (Pl. Opp. at 14), but requests
"monetary damages caused by Defendants' delay in issuing the
permit" (id. at 12).  Additionally, Plaintiff argues res judicata
does not bar this action because the requests for non-Article 78
relief were not litigated in the Hybrid Article 78 Action.

    A.   Automatic Stay Pursuant to C.P.L.R. § 5519(a)(1)

        The Amended Complaint's fourth cause of action seeks a
declaratory judgment that Defendants are required to issue
Plaintiff a permit as ordered by the state court Judgment.  (See
Am. Compl. ¶ 108.)   Indeed, throughout the Amended Complaint,
Plaintiff suggests that Defendants are not complying with the state
court Judgment.  (See, e.g., id. ¶¶ 73, 77, 81, 88, 93, 98.)  Under
CPLR § 5519(a)(1), however, enforcement of a judgment is
automatically stayed pending appeal where the appellant is "the

8

state or any political subdivision of the state."  The Village, a subdivision of the state, appealed the Judgment to the Appellate Division, Second Department.  Where, as here, the appeal remains pending, enforcement of the Judgment is automatically stayed and the Court is unable to issue an order enforcing the Judgment.  As such, the request is DENIED.  M.S.B.A. Corp. v. Markowitz, 806 N.Y.S.2d 77, 77 (N.Y. App. Div. 2d Dep't 2005).

As Plaintiff concedes, it is not entitled to "damages for Defendants' exercising their right to the automatic stay." (Pl. Opp. at 14; see also id. ("[Plaintiff] does not argue that the defendants' are not entitled to its stay. . . .  Plaintiff does not plead in the amended complaint that it seeks damages for Defendants' [sic] exercising their right to the automatic stay.").)  Therefore, to the extent Plaintiff seeks a declaratory judgment or other relief based on Defendants' decision to exercise their right to appeal the Judgment, such request is without merit and is DENIED.  See M.S.B.A. Corp., 806 N.Y.S.2d at 77 (holding defendant city was not required to issue a license to plaintiff as ordered under a state court judgment because "[t]he provisions of the judgment directing the [city] to issue a license to the [plaintiff] were automatically stayed upon the [city's] filing of a notice of appeal" (citing CPLR § 5519(a)(1))).

B.    Applicability of *Res Judicata*

Res judicata prevents a party from re-litigating issues that were or could have been brought in a prior action.  See Brown v. Felsen, 442 U.S. 127, 131 (1979).  In New York,[3] "[t]o prove the affirmative defense" of res judicata "a party must show that (1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." Monahan v. N.Y.C. Dep't of Corr., 214 F.3d 275, 283 (2d Cir. 2000) (citations omitted).

Here, all three factors are satisfied.  As for the second factor, it is undisputed that Plaintiff, the Village, and Albinski were parties to the Hybrid Article 78 Action.  Although Plaintiff added two defendants here, Ryba and Chase, they are named in their official capacities, rendering them agents of the Village, a municipality.  Kentucky v. Graham, 473 U.S. 159, 166 (1985); Monahan, 214 F.3d at 285 ("It is well settled in this circuit that literal privity is not a requirement for res judicata to apply."). Accordingly, this action and the Hybrid Article 78 Action involve the same parties.

---

[3] To determine whether res judicata bars Plaintiff's Amended Complaint, the Court applies the rules and laws of the state in which the Judgment was rendered.  See Matsushita Elec. Indus. Co. v. Epstein, 516 U.S. 367, 373 (1996).

As for the third factor, courts analyze "whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations . . . ." Xiao Yang Chen v. Fischer, 810 N.Y.S.2d 96, 98 (N.Y. 2005) (citations omitted). Here, the Amended Complaint is almost identical to the Hybrid Article 78 Action complaint and both relate to the same set of factual circumstances: Defendants' decision to deny Plaintiff's application for a permit. As such, the third factor is met.

Plaintiff argues that the two actions are factually distinct because the Hybrid Article 78 Action litigated the "building permit issue" whereas this action seeks redress for "the harm Defendants caused Plaintiff in denying the permit." (Pl. Opp. at 17-18.) The Court finds this a distinction without a difference. While Plaintiff may be seeking damages different from those sought in the Hybrid Article 78 Action, the fact remains that the damages requested in both actions are based on the same set of facts. Davidson v. Capuano, 792 F.2d 275, 278 (2d Cir. 1986). Accordingly, Plaintiff's claims are the same as those brought in the Hybrid Article 78 Action for res judicata purposes. See id. (holding plaintiffs civil rights action and Article 78 proceeding were "based on the same cause of action" even where plaintiff raised "a different theory of recovery" or sought "different relief"); Smith v. Russell Sage Coll., 54 N.Y.2d 185,

11

192 (N.Y. 1981) (holding under New York law that claims arise out of the same factual grouping "even when 'several legal theories depend on different shadings of the facts, or would emphasize different elements of the facts or would call for different measures of liability or different kinds of relief'" (quoting Restatement (Second) of Judgments § 61 cmt. c)).

To the extent argued, Plaintiff is correct that pure Article 78 proceedings do not, as a general matter, preclude subsequent Section 1983 actions "because the type of damages sought pursuant to [Section] 1983 are typically not available in Article 78 proceedings, which allow only recovery of incidental damages." Corbett v. City of New York, 816 F. App'x 551, 554 (2d Cir. 2020) (summary order) (citations omitted). But Plaintiff did not bring a pure Article 78 action. Instead, Plaintiff commenced a hybrid petition/complaint and sought both Article 78 and non-Article 78 relief that the state court adjudicated on the merits, as discussed infra.[4] (Apr. 13, 2018 Decision and Order at 4.) As Corbett instructs, res judicata bars courts in this Circuit from entertaining follow-on Article 78 actions where the plaintiff initiated a hybrid Article 78 action that sought non-Article 78 relief that was addressed by the state court. Furthermore, as in

_____

[4] There is no dispute as to the nature of the underlying proceeding because Plaintiff styled the Hybrid Article 78 Action complaint as a "Hybrid Petition-Complaint." (See Am. Hybrid Petition/Compl.)

Corbett, Plaintiff could have raised its Section 1983 and other constitutional claims in the hybrid proceeding, see Corbett, 816 F. App'x at 554, and even asserted a claim under the Fifth Amendment's Takings Clause, as it does here. (Compare Am. Hybrid Petition/Compl. at ECF pp. 11-14, with Am. Compl. ¶¶ 95-104.) Consequently, Plaintiff is barred from litigating claims that could have been, or were, raised in the Hybrid Article 78 Action. See Corbett, 816 F. App'x at 554 (finding appellant's claims barred by res judicata where he "could have raised his § 1983 claim, based on the same transaction, in" the underlying hybrid Article 78 proceeding); Sheffield v. Sheriff of Rockland Cnty. Sheriff Dep't, 393 F. App'x 808, 813 (2d Cir. 2010) (holding that the state court's dismissal of a hybrid proceeding precluded a subsequent federal action for money damages, even though a pure Article 78 proceeding would not have precluded the federal action).

The final factor the Court considers is whether the Hybrid Article 78 Action, including Plaintiff's requests for non-Article 78 relief, was decided on the merits. Plaintiff's Hybrid Article 78 Action was decided in an order that expressly granted or denied all requested forms of relief. (Apr. 13, 2018 Decision and Order at 4 (granting Plaintiff's request to direct the Village to issue Plaintiff's permit and explicitly stating that "[a]ny portion of [Plaintiff's] hybrid petition/complaint not granted is denied").) As Plaintiff concedes, its "[c]onstitutional claims

13

were readily apparent in the prior suit as alternative relief"
(Pl. Opp. at 13), and the state court denied them. Thus,
Plaintiff's Hybrid Article 78 Action, including the requests for
non-Article 78 relief, was adjudicated on the merits. Inmate M.
v. State, 84 N.Y.S.3d 633, 633 (N.Y. App. Div. 4th Dep't 2018)
(holding res judicata precluded an inmate from litigating his claim
that he was sexually assaulted during an authorized pat frisk where
inmate's prior Article 78 proceeding alleging that the pat frisk
procedure violated his rights under Eighth Amendment and state law
was dismissed).

        Plaintiff argues that the state court "did not deny or
otherwise determine, on the merits, Plaintiff's claims beyond
Defendants' Article 78 argument as to the failure to issue the
permit." (Pl. Opp. at 16; see also id. ("Defendants ignore the
fact that the issues they seek to bar were never litigated in the
prior action."); id. at 17 ("the prior State action never decided,
on the merits, the issues raised in this action").) According to
Plaintiff, "[b]y ordering Defendants to issue the permit, the Court
rendered the issues moot at the time." (Id. at 16.) However, the
state court addressed Plaintiff's additional claims for relief and
explicitly rejected them. Further, Plaintiff conflates issue
preclusion with claim preclusion. Res judicata renders "a final,
valid determination on the merits . . . conclusive on the parties
and those in privity with them, not only as to the matters

14

adjudicated but those which could have been litigated in the prior action," and is thus "distinguished from collateral estoppel where a prior judgment operates as an estoppel against a party only where there was an actual litigation and determination of the issue now in controversy." Stolberg v. Members of Bd. of Trs. for State Colls. of State of Conn., 541 F.2d 890, 892 (2d Cir. 1976) (emphasis added). Although Defendants filed an appeal, the Judgment is final because "the pendency of an appeal from [a] judgment does not alter the finality or enforceability of that judgment . . . unless and until it is overturned." Yan Ping Xu v. City of New York, 612 F. App'x 22, 26 (2d Cir. 2015) (internal quotations and citations omitted).

Moreover, the state court did not render certain issues "moot" as Plaintiff suggests. Under New York law, mootness is typically invoked "where a change in circumstances prevents a court from rendering a decision that would effectively determine an actual controversy." Citineighbors Coalition of Historic Carnegie Hill ex rel. Kazickas v. N.Y.C. Landmarks Preservation Comm'n, 778 N.Y.S.2d 740, 742 (N.Y. 2004). The state court explicitly rejected, albeit tersely, Plaintiff's requests for non-Article 78 relief. While Plaintiff may be dissatisfied with the state court's level of analysis, it does not necessarily follow that the issues "were never litigated." Rather, the state court's denial of Plaintiff's non-Article 78 relief satisfies the "adjudication on

the merits" requirement.  See Sheffield, 393 F. App'x at 812-13
(concluding that plaintiff's Title VII claims were barred by res
judicata even where the state court "did not specifically mention"
the Title VII claims in dismissing the entire action); see also
Winters v. Lavine, 574 F.2d 46, 61 (2d Cir. 1978) ("[I]t is
entirely possible for a court to consider and reject a particular
claim presented to it without any express discussion of or allusion
to that claim.").

　　　　Lastly, while the resolution of a declaratory judgment
action will not typically bar a subsequent lawsuit for money
damages arising out of those same facts, see, e.g., Harborside
Refrigerated Servs., Inc. v. Vogel, 959 F.2d 368, 372-73 (2d Cir.
1992), that is not the case where, as here, the previous action
sought both declaratory relief and money damages.  (See Hybrid
Petition/Compl. at ECF pp. 13-20); Duane Reade, Inc. v. St. Paul
Fire & Marine Ins. Co., 600 F.3d 190, 196-97 (2d Cir. 2010)
(holding that the resolution of a declaratory judgment action will
bar a subsequent lawsuit based on the same facts where the
plaintiff brought suit for money damages or injunctive relief as
well).

Accordingly, this action is barred by <u>res judicata</u> and must be DISMISSED.[5]

<u>CONCLUSION</u>

For the reasons stated above, Defendants' Motion is GRANTED.  The Clerk of the Court is directed to enter judgment accordingly and mark this case CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:      November 6, 2020
            Central Islip, New York

---

[5] Nothing in this Opinion precludes Plaintiff from seeking fees and costs associated with its Hybrid Article 78 Proceeding in state court.

17